## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARTHUR WILLIAMS, JR.,                    )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )        Case No. 10-2174-CM-DJW
                                         )
CUTTING EDGE HAIRSTYLING,                )
                                         )
            Defendant.                   )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Arthur Williams Jr., proceeding pro se and *in forma pauperis*, requests default against defendant Cutting Edge Hairstyling Academy.  On March 31, 2010, plaintiff filed this suit, alleging defendant violated his constitutional rights.  The summons and the original complaint were served on defendant on May 10, 2010.  On June 21, 2010, plaintiff filed an Amended Complaint, alleging additional claims against defendant.

On August 4, 2010, the court ordered plaintiff to show cause as to why the case should not be dismissed for lack of prosecution (Doc. 10).  In his response, plaintiff asked for default with prejudice against defendant, arguing that defendant had been properly served and had sufficient time to respond, yet failed to do so.  That motion is currently pending before the court (Doc. 11).

### I.    Legal Standard

When a party fails to respond or otherwise appear, a default judgment may be entered.  *See* Fed. R. Civ. P. 55.  There are two stages in a default proceeding.  *See* Fed R. Civ. P. 55.  First, the plaintiff must establish that the defendant is in default.  *See* Fed R. Civ. P. 55(a).  Under Rule 55(a), the clerk must enter default against a party when that party fails to plead or defend in the case and the

failure has been shown by affidavit or other methods. Fed. R. Civ. P. 55(a). Second—after default has been entered—the plaintiff may file a motion for default judgment. Fed. R. Civ. P. 55(b). When the sum of damages may be ascertained by computation, the clerk may enter a judgment of default upon the plaintiff's request in that amount. *See id.* In cases where the amount is uncertain, the plaintiff must apply to the court for a default judgment. *Id.* A default judgment may not deviate in kind, or include an increased amount, from what is demanded in the pleadings. *See Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed R. Civ. P. 54(c).

## II.    Discussion

It is unclear whether plaintiff is seeking an entry of default or default judgment—plaintiff requests that the court "find the defendants [sic.] in DEFAULT with prejudice." (Doc. 11, at 1.) Because an entry of default is required before the court can enter default judgment, the court will construe plaintiff's request as a motion for entry of default under Rule 55(a). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (the court construes a *pro se* litigant's pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.)

Upon review of the record, the court cannot grant plaintiff the relief he requests. First, as explained above, plaintiff should seek an entry of default from the clerk of the court. Fed. R. Civ. P. 55(a). Second, defendant has not been served with plaintiff's Amended Complaint, and thus, defendant has not received notice of the additional claims.

A response to an amended complaint must be made either (1) within the remaining time allowed to respond to the original complaint or (2) within fourteen days after service of the amended complaint, whichever is later. *See* Fed. R. Civ. P. 15(a)(3). Under 28 U.S.C. § 1915(d), which governs *in forma pauperis* proceedings, "the officers of the court shall issue and serve all process, and perform all duties in such cases." *See* 28 U.S.C. § 1915(d). When, as here, a defendant has failed to

appear, a pleading that asserts a new claim for relief against the defendant must be served under Rule 4. Fed. R. Civ. P. 5(a)(2). Rule 4 requires service by a United States Marshal or by a specially appointed person when a plaintiff proceeds *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3). Inexplicably, the clerk of the court did not issue a summons or have plaintiff's Amended Complaint served on defendant. Because defendant was not served with the Amended Complaint, its response is not due, and defendant is not in default.

The court finds that plaintiff has shown cause as to why this case should not be dismissed for failure to prosecute; however, an entry of default is improper because defendant has not been properly served with the Amended Complaint, at no fault of plaintiff. The clerk's office shall issue a summons pursuant to Rule 4 within 10 day of this order for service of the Amended Complaint by the United States Marshal Service at no cost to plaintiff.

Plaintiff's motion for default judgment is denied without prejudice. He may initiate default proceedings, by applying for entry of default under Rule 55(a), if defendant fails to appear after being properly served with the Amended Complaint.

**IT IS THEREFORE ORDERED** that plaintiff has shown cause as to why this case should not be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion for default (Doc. 11) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office shall issue a summons pursuant to Rule 4 within 10 days of this order for service of the Amended Complaint by the United States Marshal Service.

Dated this 1st day of October 2010 at Kansas City, Kansas.

s/ Carlos Murguia
_____

**CARLOS MURGUIA**
**United States District Judge**