# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARTHUR WILLIAMS, JR., )
)
          **Plaintiff,** )
) CIVIL ACTION
v. )
) Case No: 10-cv-2174-CM-DJW
)
CUTTING EDGE HAIRSTYLING, )
)
          **Defendant.** )

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for More Definite Statement and Suggestions in Support (ECF No. 15) filed on November 3, 2010. To date, *pro se* Plaintiff has not filed an opposition to the Motion, which was due November 17, 2010. Thus, the Court may grant the Motion as uncontested under D. Kan. Rule 7.4, which provides, "Absent a showing of excusable neglect, a party . . . who fails to file a responsive brief or memorandum within the time specified . . . waives the right to later file such brief or memorandum. . . . Ordinarily, the court will grant the motion without further notice."[1] However, because Plaintiff is proceeding *pro se* and in light of the relief sought by Defendant, the Court will examine the merits of the Motion.

Defendant asks that the Court order Plaintiff to file a more definite and certain statement of his Amended Complaint for Damages under Fed. R. Civ. P. 12(e). Defendant argues that although Plaintiff attempts to allege four separate counts in his Amended Complaint for Damages, Defendant is unable to decipher what claims Plaintiff attempts to allege. Defendant points out that (1) Plaintiff asserts unspecified due process violations and generic violations of his "Constitutional Rights" under unnamed Constitutional provisions, (2) Plaintiff alleges that Defendant's employees "did combine,

---

[1] D. Kan. Rule 7.4(b).

conspire, and confederate" to punish Plaintiff due to his racial and ethnic background in violation of his "Constitutional Rights" without naming more than one conspirator, and (3) Plaintiff failed to state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances" as called for under Fed. R. Civ. P. 10(b). Defendant also complains that Plaintiff alleges "cruel and unusual punishment" in this civil, not criminal, action.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[2] A motion for a more definite statement should not be granted merely because the pleading lacks detail.[3] Rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[4] The discovery process should be use to learn additional details with respect to the claims.[5] The decision whether to grant or deny a motion for a more definite statement of a pleading rests within the sound discretion of the court.[6] Due to the minimal pleading requirements of the Federal Rules of Civil Procedure, motions under Fed. R. Civ. P. 12(e) for a more definite statement of a pleading are generally disfavored by the courts and are properly granted only when a party is unable to

---

[2] Fed. R. Civ. P. 12(e).

[3] *Creamer v. Ellis County Sheriff Dept.*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) (citation omitted).

[4]*Id.* (citation omitted).

[5]*Id.* (citation omitted).

[6]*Id.* (citation omitted).

2

determine the issues to which a response is required.[7] Fed. R. Civ. P. 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail.[8]

Applying these standards, the Court finds the Motion should be granted. Plaintiff's allegations in his Amended Complaint for Damages are not sufficiently specific to enable a responsive pleading in the form of a denial or admission. Plaintiff alleges violations of his "Constitutional Rights" without identifying which Constitutional provisions Defendant has allegedly violated. Plaintiff also appears to allege a conspiracy without alleging the facts in support of that claim or identifying the other conspirators. In addition, Plaintiff has not stated his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances" as called for under Fed. R. Civ. P. 10(b).

The Court will therefore give Plaintiff until **January 12, 2011** to file his Second Amended Complaint for Damages which contains a more definite statement of his claims against Defendant. In drafting his Second Amended Complaint for Damages, Plaintiff should take care to name the specific Constitutional provisions he claims Defendant has violated, give a short and plain statement of these alleged Constitutional violations and explain why he is entitled to relief, give a short and plain statement of the alleged conspiracy and explain why he is entitled to relief, and use numbered paragraphs that are limited as far as practicable to a single set of circumstances.

**IT IS THEREFORE ORDERED** that Defendant's Motion for More Definite Statement and Suggestions in Support (ECF No. 15) is granted. Plaintiff shall have until **January 12, 2011** to file his Second Amended Complaint for Damages which contains a more definite statement of his claims

---

[7]*Id.* (citation omitted).

[8]*Id.* (citation omitted).

against Defendant. Plaintiff is advised that if he does not file a Second Amended Complaint for Damages, his lawsuit may be subject to dismissal.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 29th day of December 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties