# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARTHUR WILLIAMS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-2174-CM-DJW |
| ) | |
| **CUTTING EDGE HAIRSTYLING,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action pro se and in forma pauperis, alleging defendant violated his constitutional rights. Pending before the court is defendant's Motion to Dismiss and Suggestions in Support (Doc. 18) filed on January 26, 2011.

Plaintiff filed this action in March 2010. Plaintiff amended his Complaint in June 2010, and on November 3, 2010, defendant filed a motion for more definite statement. Plaintiff did not respond to the motion. After reviewing the record, the court granted defendant's motion, finding that plaintiff's allegations were not "sufficiently specific to enable a responsive pleading in the form of a denial or admission." (Doc. 17, at 3.) The court gave plaintiff until January 12, 2011 to file a second amended complaint. Plaintiff failed to do so.

On January 26, 2011, defendant filed the pending motion to dismiss, arguing for dismissal for lack of prosecution under Federal Rule of Civil Procedure 41(b). Plaintiff failed to respond or otherwise oppose defendant's motion to dismiss. On February 17, 2011, the court ordered plaintiff to show cause why the court should not grant defendant's motion to dismiss and ordered plaintiff to

-1-

respond to the motion to dismiss by March 4, 2011. The February 17, 2011 order to show cause was sent by certified mail to plaintiff's address. The order was returned and marked "Not at Address." (Doc. 20.) As of today's date, plaintiff has not responded to the February 17, 2011 show cause order.

## I.     Standard for Judgment

Rule 41(b) allows for involuntary dismissal of a case when a party fails to prosecute or follow the court's orders and rules. *See* Fed. R. Civ. P. 41(b); *Roush v. Colorado*, No. 10-3237, 2011 WL 601643, at *1 (D. Kan. Feb. 11, 2011). The decision to dismiss for failure to prosecute is within the discretion of the court. *See Nelson v. Herff Jones, Inc.*, No. 07-2170, 2008 WL 427549, at *3 (D. Kan. Feb. 13, 2008). A dismissal under Rule 41(b) functions as a ruling on the merits. *See Lujan v. Dreis*, No. 10-4093, 2011 WL 635578, at *3 (10th Cir. Feb. 23, 2011).

Dismissal under Rule 41(b) is often "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *See Becker v. Safelite Glass Corp.*, 244 F. Supp. 625, 641 (D. Kan. 1965) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962)). However, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539, 2007 WL 1267464, at *3 (D. Kan. May 1, 2007) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

## II.    Discussion

These factors weigh in favor of dismissing plaintiff's case. First, plaintiff's willful failure to prosecute has resulted in actual prejudice to defendant because defendant has been unable to have the claims against it resolved. Additionally, plaintiff's failure to amend his complaint with a more definite statement also caused defendant actual prejudice. As explained in the court's order granting the motion for a more definite statement, plaintiff's Second Amended Complaint is not sufficiently specific. Not only is defendant unable to resolve the claims against it, but defendant cannot ascertain the claims plaintiff brings against it.

Second, plaintiff's failure to respond to the court's show cause order and defendant's motion to dismiss has hindered the judicial process by compelling the court to issue several orders, by requiring the court to expend time and resources to serve documents on plaintiff, and by causing unnecessary delay in the adjudication of this case. This has prevented the court from resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1. Third, plaintiff bears sole responsibility for the prosecution of this case; plaintiff alone is accountable for his failure to respond and to prosecute this case.

Fourth, plaintiff has been given notice on several occasions that dismissal may occur. Plaintiff was put on notice of the possibility of dismissal when defendant filed its motion to dismiss. *See Brull v. Disability Rights Ctr. Of Kan.*, No. 09-3219, 2010 WL 4687653, at *2 (D. Kan. Nov. 10, 2010) (noting that "defendants put plaintiff on notice of dismissal as a possibility by filing their motions to dismiss"). Additionally, the court previously warned plaintiff that his failure to comply with orders could result in dismissal of the action. *See Ehrenhaus*, 965 F.2d at 922 (finding dismissal was appropriate when plaintiff willfully failed to comply with court order). The court's order requiring plaintiff to amend his complaint with a more definite statement warned plaintiff that "if he does not file a Second Amended Complaint for Damages, his lawsuit may be subject to dismissal." (Doc. 17, at 4.)

The court's February 17, 2011 show cause order advised plaintiff that if he failed to "respond to [the] order, the court [would] consider defendant's motion (Doc. 18) without the benefit of plaintiff's response."[1] (Doc. 19.)

Finally, the court is not convinced that a lesser sanction would be effective. Plaintiff has not actively participated in the case for four months. He has failed to respond to motions, failed to comply with court orders, and failed to maintain a current address with the court so that it, or defendant, may contact him.[2] Based on his lack of participation in this case, it is unlikely he will respond to a lesser sanction.

Nonetheless, the court recognizes that plaintiff proceeds pro se. Although it was plaintiff's failure to update his address that caused the return of the February 17, 2011 show cause order, the court will provide plaintiff with one final chance to prosecute his case. The court will give plaintiff until April 25, 2011 to show cause why the court should not dismiss the case for lack of prosecution; however, the court will not tolerate plaintiff's failure to prosecute. If plaintiff fails to respond by April 25, 2011, the court will dismiss the case without further notice.

---

[1] A mailing sent to the last recorded address of an attorney or pro se party is sufficient notice. *See* D. Kan. R. 5.1(c)(3).

[2] Rule 5.1(c)(3) of the Rules of Practice states that attorneys and pro se parties have a duty to notify the clerk in writing of any change in address or telephone number. *See* D. Kan. R. 5.1(c)(3); *See C.F.T.C. v. Wall St. Underground, Inc.*, No. 03-2193, 2005 WL 4701070, at *1 (D. Kan. Oct. 21, 2005).

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 18) is denied.

**IT IS FURTHER ORDERED that plaintiff shall have until April 25, 2011 to show cause why the court should not dismiss this case. Failure to comply with this order will result in dismissal of this case without further notice.**

Dated this 12th day of April, 2011, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**